Cartter, Ch. J.,
delivered the opinion of the court, substantially as follows:
The point raised in this case presents an interesting question under our rules of practice. A judgment was allowed upon an application to the court below because the defendant did not file along with his pleas an affidavit setting forth the grounds of his defense. The actions were brought upon promissory notes, and were therefore within the meaning of the seventy-third rule. At the time of bringing his actions the plaintiff had filed an affidavit in each ease setting out his cause of action. The precise point presented is, whether it was sufficient to entitle him to the judgment in question. Under the rule the cause of action must be distinctly set out in the affidavit either by the plaintiff or his agent. This of course requires a statement of the facts necessary to show defendant’s liability. In these cases the actions are against the defendant as an endorser of a promissory note, and the affidavit does not state that payment had been demanded of the maker and uotice thereof given to the endorser; nor is. there any excuse alleged why these formalities were dispensed' with. The law is clear that a demand on the maker is necessary in order to fix the liability of the endorser, and so essential is this to the cause of action in such case that it must be alleged and proved before the plaintiff can recover. There is an allegation to this effect in the declarations, but the affidavits do not purport to verify them. Now, the court are of opinion that if the plaintiff would avail himself of the rule, and deprive the defendant of a trial by jury, he must distinctly show the facts upon which the defendant is to be liable as endorser, and he ought to state them explicitly and with such certainty as to show the particular cause of action upon which he relies. The affidavit does not state a cause of action against the defendant as endorser, and is, therefore, insufficient to entitle him to a judgment by default. The defendant was not called upon to swear to his defense. The judgments are reversed and the cases remanded for trial.
Ohn, J., dissented.